UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSE LUIS MERCHAN CORREA,       )<br>                                 )<br>         Petitioner             )<br>                                 )<br>    v.                           )<br>                                 )<br>DERRICK STAMPER, et al.,         )<br>                                 )<br>         Respondents            )  | No. 2:26-cv-00024-LEW |

**<u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court is Petitioner Jose Luis Merchan Correa's Petition for Writ of Habeas Corpus (ECF No. 1). Petitioner seeks release from immigration detention. Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition. For the following reasons, the Petition is granted.

## BACKGROUND

Petitioner is a national of Ecuador. According to his Petition, which is verified, in 2019, Petitioner entered the United States between ports of entry but was detained by the U.S. Department of Homeland Security (DHS) on December 21, 2019. DHS detained Petitioner but then released him into the United States "in accordance with section 236 of the Immigration and Nationality Act," *i.e.*, 8 U.S.C. § 1226, pursuant to an Order of Release and Recognizance, and subject to conditions. Although DHS released Petitioner, it also

instituted removal proceedings and directed him to appear at a hearing roughly one year from the date of his release. Pet. ¶ 3; Pet. Ex. 2.

Petitioner settled in Portland with his family. On January 13, 2026, U.S. Border Patrol agents detained Petitioner at a job site in Oxford County. Petitioner remains in Maine and is currently detained in Fort Fairfield. Petitioner asserts that ongoing detention without an opportunity for release on bond violates the Due Process Clause and a standing order of the United States District Court for the District of Massachusetts, *Guerrero Orellana v. Moniz*, 1:25-cv-12664 (D. Mass. Dec. 19, 2025), which granted relief to a class of persons subject to detention pending removal proceedings.[1]

On January 19, 2026, the Court issued an Order to Show Cause (ECF No. 5) that directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their Response (ECF No. 6), Respondents maintain that Petitioner is subject to mandatory detention pending the completion of removal proceedings under 8 U.S.C. § 1225(b)(2), but acknowledge that that assertion is contrary to local precedent.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241. The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal

---

[1] The scope of the relief awarded in *Guerrero Orellana* extends to mandatory detentions of similarly situated noncitizens under 8 U.S.C. § 1225(b)(2)(A) "who are either detained within Massachusetts or subject to the jurisdiction of an immigration court in Massachusetts." *Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *1 (D. Mass. Dec. 19, 2025).

proceedings. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

Based on the factual assertions contained in the Petition and the Federal Respondent's failure to oppose any of the factual assertions, I find that Petitioner has resided in the United States for two years or more and that he entered the United States without admission or inspection but was then detained and released under 8 U.S.C. § 1226. Given these circumstances and based on the district court decisions discussed in the parties' submissions—precedent that they and the Court are well aware of concerning multiple recent habeas petitions, injunctions, and writs granted in this Court—I summarily grant habeas relief without a hearing, conditioned on Petitioner's prompt receipt of a bond hearing by an immigration judge.[2]

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is GRANTED (ECF No. 1). It is HEREBY ORDERED that in order for Respondents to continue detaining Petitioner they must hold a hearing within 7 days before an immigration judge to consider Petitioner's request for release on bond pending the conclusion of his removal proceedings. If a bond hearing is held, Respondents will release Petitioner on bond unless

---

[2] *See, e.g.*, *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Bermeo Sicha v. Bernal*, 25-cv-00418-SDN, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

the Government carries the burden prescribed by the First Circuit in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).  If a hearing is not scheduled within that timeframe, Respondents will release Petitioner and his release will be subject to all conditions imposed under the Order of Release and Recognizance.  During the 7-day period, removal of Petitioner from the District of Maine while he remains subject to detention is ENJOINED except to enable his attendance at a bond hearing in the District of Massachusetts, if that is where the hearing is held.  Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is DISMISSED AS MOOT.

**SO ORDERED.**

Dated this 20th day of January, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge